IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


MARY KATHERINE DAY-PETRANO,

     Plaintiff,

vs.                           Case No. 1:12cv97-MP/CAS

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,
et al.,

     Defendants.
_____/


## REPORT AND RECOMMENDATION

     Defendant Commissioner of Social Security has filed a motion to remand this action pursuant to 42 U.S.C. § 405(g), doc. 32, and a supporting memorandum, doc. 33.  Plaintiff, who is pro se, was given time in which to submit her response to the motion.  Doc. 34.  Plaintiff has filed a response, doc. 36, stating that she opposes Defendant's motion and arguing that Defendant has not shown good cause to remand this case.  Doc. 36.  Plaintiff further contends, "on information and belief," that Defendant has made materially false statements to the Court and has committed fraud. Doc. 36.

     Defendant asserts that this case should be remanded "because the certified administrative record could not be prepared" by the Appeals Council because Plaintiff's

"claim folder cannot be located." Doc. 33. Defendant advises that if the missing material is located, a certified administrative transcript will be prepared. *Id.* However, if the missing materials are not located, the Appeals Council will then "remand the case to an Administrative Law Judge for reconstruction of the administrative record and to hold another hearing and issue a new decision." *Id.*

Plaintiff has not provided any facts to support her assertion that false statements have been made to the Court. Doc. 36. Solely because the Defendant asserted that "materials were missing" on an earlier occasion does not mean they are not missing now. Plaintiff advises that she is able to "produce all the 'missing' materials Defendant" is unable to provide. Doc. 36 at 5. However, judicial notice is taken that earlier in this case, when it appeared that this case might be moot because Plaintiff submitted an exhibit which indicated Plaintiff had obtained a "fully favorable" decision, Plaintiff was directed to submit copies of the Order of Dismissal from the ALJ. Doc. 14. After complaining that she is unable to read "paper print black and white," Plaintiff responded to the Court Order, doc. 14, by asserting, "I have no way of being able to see to read to be able to go through massive amounts of papers to know what the particular documents are when they were all sent to me by Social Security Administration in the inaccessible black and white paper print formats." Doc. 15 at 2. Because it is not possible to determine that Plaintiff has presented the full record, and because it is the Defendant's burden to do so, this case cannot continue on Plaintiff's own presentation of the administrative record.

Pursuant to the sixth sentence of 42 U.S.C. § 405(g), remand is "appropriate when the district court learns of evidence not in existence or available to the claimant at

the time of the administrative proceeding that might have changed the outcome of that proceeding." Sullivan v. Finkelstein, 496 U.S. 617, 626, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990), *quoted in* Ingram v. Commissioner of Social Security, 496 F.3d 1253, 1268 (11th Cir. 2007). Because the evidence upon which a decision was made is not available at this time, remand is appropriate. The function of this Court in reviewing a social security decision unfavorable to the Plaintiff is to determine whether there is substantial evidence in the record to support the Commissioner's decision. That determination cannot be made without receipt of the full, complete, and unquestionable administrative record. Thus, despite Plaintiff's opposition to the motion, Defendant's motion to remand must be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to remand, doc. 32, be **GRANTED** pursuant to 42 U.S.C. § 405(g).

**IN CHAMBERS** at Tallahassee, Florida, on April 2, 2013.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**