IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARY KATHERINE DAY-PETRANO,

    Plaintiff,

v.                                                              CASE NO. 1:12-cv-00097-MP-CAS

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

_____/

**O R D E R**

        This cause comes on for consideration upon the Magistrate Judge's Second Report and Recommendation dated January 13, 2014. (Doc. 67).  The parties have been furnished a copy of the Second Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  Defendant and Plaintiff have filed objections at docs. 68 and 69, respectively.  Plaintiff has also filed a response to Defendant's objections.  (Doc. 71).  I have made a de novo review based on those objections and Plaintiff's response.  Having considered the Second Report and Recommendation, and the timely filed objections and response, I have determined that the Second Report and Recommendation should be adopted, with the following additional observations.

        The Magistrate Judge recommends denying Defendant's motion to dismiss, which argues that this Court lacks subject matter jurisdiction to review the underlying administrative law judge's ("ALJ") dismissal of Plaintiff's request for hearing.  By way of background, the record, based on both this Court's de novo review as well as the Magistrate Judge's detailed account, shows that on September 12, 2008, Plaintiff requested a hearing before an ALJ regarding

Plaintiff's claim for a period of disability and disability insurance benefits. *See* Doc. 24 at 64. A hearing was set for June 11, 2010 before ALJ Christopher Messina. *Id.* at 54. The Social Security Administration repeatedly sent Plaintiff notice of the hearing date, ultimately succeeding with a Notice of Hearing dated May 3, 2010. *Id.* at 64–65.[1] Plaintiff did not attend the hearing, nor did she contact the hearing office prior to her hearing date to request a postponement. *Id.* at 65. On June 24, 2010, ALJ Messina dismissed Plaintiff's request for hearing, finding that Plaintiff had failed to demonstrate good cause for her failure to appear. *Id.* at 61–65. Subsequently, Plaintiff requested that the Appeals Council review the ALJ's dismissal. *Id.* at 66–68. The Appeals Council denied this request, finding no reason to review the ALJ's dismissal. *Id.* Plaintiff's appeal to this Court then followed. *See* Doc. 1.

As the Second Report and Recommendation correctly notes, the Court's subject matter jurisdiction to review decisions of the Commissioner of Social Security is limited by 42 U.S.C. §§ 405(g) and (h). Pursuant to § 405(g), appeal to a district court is available as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Pursuant to § 405(h), district courts are prohibited from reviewing decisions of the Commissioner except as provided in § 405(g). *See* 42 U.S.C. § 405(h). Accordingly, "judicial review exists only over the 'final decision of the Commissioner of Social Security.'" *Cash v. Barnhart*, 327 F.3d 1252, 1255 (11th Cir. 2003).

With the motion to dismiss, Defendant argues that by failing to attend the administrative

---

[1] Plaintiff attached this Notice of Hearing to her Third Amended Complaint. *See* Doc. 24 at 54.

hearing before ALJ Messina, Plaintiff failed to obtain a final decision of the Commissioner that is appealable to this Court. Stated differently, Defendant argues that because the Commissioner's final decision was not "made after a hearing to which [Plaintiff] was a party," this case must be dismissed for a lack of subject matter jurisdiction. *See* Doc. 61 (Motion) at 1; Doc. 61-1 (Brief) at 5–7; 42 U.S.C. § 405(g).

Based on this Court's research, the majority of circuit courts that have considered matters factually comparable to this case appear to agree with Defendant. For example, in *Brandyburg v. Sullivan*, the Fifth Circuit affirmed the district court's decision to grant the defendant's motion to dismiss for lack of subject matter jurisdiction, finding dispositive the lack of an administrative hearing. *See Brandyburg v. Sullivan*, 959 F.2d 555, 558–61 (5th Cir. 1992). In the underlying administrative process, the plaintiff had requested a hearing before the ALJ after his application for Supplemental Security Income benefits was denied initially and on reconsideration. *Id.* at 556. The plaintiff's hearing was rescheduled twice and, five days before the hearing, the plaintiff's attorney requested a continuance, which was denied. *Id.* Neither the plaintiff nor his counsel appeared at the hearing. *Id.* at 557. The ALJ entered an order dismissing the request for a hearing, finding that the plaintiff had failed to show good cause for his failure to appear. *Id.* The Appeals Council subsequently denied review. *Id.*

The plaintiff filed an action with the district court, "requesting review of the decision . . . to dismiss his request for a hearing." *Id.* The defendant filed a motion to dismiss for lack of subject matter jurisdiction, arguing that "[b]ecause there was no hearing before an ALJ . . . there was no decision subject to judicial review under [§] 405(g)." *Id.* Both the district court and the Fifth Circuit agreed with the defendant, finding that, pursuant to *Califano v. Sanders*, 430 U.S. 99 (1977), "[§] 405(g) only authorizes judicial review when there is a hearing." *Id.* at 557, 561.

Because the ALJ's dismissal of the plaintiff's request for hearing was not, itself, made after a hearing, the dismissal "was not a 'final decision' subject to judicial review under [§] 405(g)." *Id.* at 562.

The reasoning and holding of *Brandyburg* appear to represent the majority view regarding a district court's subject matter jurisdiction under § 405(g) to review these type cases, i.e., that district courts lack jurisdiction to review an ALJ's dismissal of a plaintiff's request for hearing because such dismissals are, themselves, typically not made after a hearing. *See, e.g.*, *Cox v. Soc. Sec. Admin.*, 542 F. App'x 297, 298 (4th Cir. 2013) (affirming the district court's dismissal for lack of jurisdiction where the plaintiff failed to appear at his administrative hearing), *cert. denied*, 134 S. Ct. 1768 (2014); *Davenport v. Astrue*, 417 F. App'x 544, 546, 548 (7th Cir. 2011) (holding that the plaintiff's "failure to exhaust when she refused to attend her hearing defeats her claim for benefits"); *Estate of Lego v. Leavitt*, 244 F. App'x 227, 230–232 (10th Cir. 2007) (affirming the district court's dismissal for lack of subject matter jurisdiction where the ALJ dismissed the estate's request for hearing after the estate failed to show good cause for its failure to appear at the hearing); *Van Williams v. Soc. Sec. Admin.*, 152 F. App'x 153, 154–55 (3d Cir. 2005) (affirming the district court's dismissal for lack of subject matter jurisdiction where the claimant failed to appear at his administrative hearing); *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1993) (finding that by refusing to attend his administrative hearing, the claimant "waived his opportunity for a hearing and . . . failed to exhaust the administrative remedy upon which judicial review depends"); *Doe v. Sec'y of Health and Human Servs.*, 744 F.2d 3, 4 (1st Cir. 1984) (per curiam) (finding no subject matter jurisdiction to review an ALJ's dismissal of the claimant's request for hearing where the claimant failed to appear at his scheduled hearing); *see also Doremus v. Colvin*, No. 3:13-cv-217, 2014 WL 2772215, at *2

(N.D. Ohio June 18, 2014) (dismissing the case for lack of subject matter jurisdiction where the ALJ dismissed the claimant's request for hearing due to the claimant's unexcused failure to appear); *Guerra v. Comm'r of Soc. Sec.*, No. 12-cv-6750 (CS)(PED), 2013 WL 3481284, at *3 (S.D.N.Y. July 1, 2013) (noting that unless the claimant has raised a colorable constitutional claim, dismissal for lack of subject matter jurisdiction is appropriate where the underlying ALJ dismissed the claimant's request for hearing for failure to appear).

Despite this, the Magistrate Judge recommends that the Court deny Defendant's motion to dismiss and order Defendant to brief the Court on the issue of whether ALJ Messina erred in dismissing Plaintiff's case for her failure to appear at the hearing. (Doc. 67). The Magistrate Judge bases this recommendation on a finding that district courts within this circuit have "interpret[ed] the Eleventh Circuit's decision in *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983) to be a rejection of Defendant's arguments." *Pittman v. Astrue*, No. 3:12-cv-51(CDL), 2013 WL 55690, at *1 (M.D. Ga. Jan. 3, 2013); *see also Wright v. Colvin*, No. 3:12-cv-1007-J-32TEM, 2013 WL 5567409 (M.D. Fla. Oct. 9, 2013); *Pizarro v. Comm'r of Soc. Sec.*, No. 6:12-cv-801-Orl-37DAB, 2013 WL 847331 (M.D. Fla. March 7, 2013); *Counts v. Comm'r of Soc. Sec.*, No. 6:09-cv-2157-Orl-22KRS, 2010 WL 5174498 (M.D. Fla. Dec. 15, 2010); *Macheski v. Leavitt*, No. 4:06-cv-85 (CDL), 2007 WL 2710466 (M.D. Ga. Sept. 13, 2007).

In *Bloodsworth*, the plaintiff filed applications for disability benefits that "were denied initially, on reconsideration, and by an administrative law judge after a hearing." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1235 (11th Cir. 1983). The plaintiff then "inadvertently missed the sixty day time limit for appeals to the Appeals Council[.]" *Id.* After the plaintiff finally submitted his request to the Appeals Council, the Council dismissed the request as untimely. *Id.* The plaintiff then filed a complaint with the district court, "alleging that the [Appeals Council's]

denial of the extension of time to file was not supported by substantial evidence." *Id*. Although the defendant filed a motion to dismiss for lack of subject matter jurisdiction, the district court "found jurisdiction to review the denial of an extension of time . . . and remanded the case to the Appeals Council" for consideration. *Id.*

On appeal to the Eleventh Circuit, the defendant raised the argument at issue in this case, specifically "that the district court lacked jurisdiction under §§ 405(g) and (h) because the claimant failed to meet the 'final decision' and 'made after a hearing' requirements." *Macheski v. Leavitt*, No. 4:06-cv-85 (CDL), 2007 WL 2710466, at *3 (M.D. Ga. Sept. 13, 2007) (summarizing the facts of *Bloodsworth*). Regarding the hearing requirement, the defendant specifically argued that the Appeals Council's dismissal of the request for review was not made after a hearing "because no hearing [was] granted solely and specifically on the request for review itself." *Bloodsworth*, 703 F.2d at 1236.

The Eleventh Circuit rejected this position, finding that it made "linguistic but not legal sense." *Id.* at 1239. Explaining the administrative review process, the court noted that a party "dissatisfied with the hearing decision or the dismissal of a hearing request" by an ALJ may appeal the ALJ's decision to the Appeals Council. The Council's decision, whether "a determination on the merits or a denial of request to review, is binding and final and appeal therefrom is available to any party as a matter of statutory right . . . ." *Id.* at 1237 (analyzing 20 C.F.R. §§ 404.967, 404.981 and 42 U.S.C. § 405(g)). The court found that, contrary to this statutory right of appeal, the defendant's interpretation of this process "would leave a claimant permanently in limbo[:]"

> Under the Secretary's reasoning, the claimant would never have a "final" decision, because the decision of the administrative law judge would not be final until the Appeals Council had reviewed it on the merits. But the claimant would

> certainly be "finished" because Appeals Council dismissals are reviewable only by appeal to the federal district court, which adoption of the Secretary's position would foreclose.

*Id.* at 1239.  Thus, the Eleventh Circuit in *Bloodsworth* ruled that the district court held subject matter jurisdiction to review the Appeals Council's denial of an extension of time to review, despite the lack of a hearing "solely and specifically on the request for review itself." *Id.* at 1236.

As the Report and Recommendation explains, each court within this circuit that has interpreted the parameters of *Bloodsworth* has ruled that, contrary to the majority opinion of circuit courts, subject matter jurisdiction exists under § 405(g) to review an ALJ's dismissal of a plaintiff's request for hearing and/or the Appeals Council's subsequent denial of review, despite the lack of a hearing regarding either of those matters.  For example, in *Macheski v. Leavitt*, No. 4:06-cv-85 (CDL), 2007 WL 2710466 (M.D. Ga. Sept. 13, 2007), the Middle District of Georgia considered the issue of subject matter jurisdiction to review the decision of the underlying ALJ to dismiss the plaintiff's request for hearing as untimely.  *See id.* at *1.  After the ALJ's dismissal, the plaintiff sought review by the Appeals Council; however, the Council denied review.  The plaintiff then brought his case before the district court.  *Id.*  Although the plaintiff had "no other available avenue for administrative review and the decision denying his request for review [was] final," the defendant argued that the Commissioner's decision was not reviewable by the district court "because neither the ALJ nor the [Appeals Council] held a 'hearing' in conjunction with their decisions to dismiss and deny review[,]" as required by § 405(g).  *Id.*

The district court rejected this position, finding that, pursuant to *Bloodsworth*, the defendant's conclusion made "'linguistic but not legal sense.'" *Id.* at *4 (quoting *Bloodsworth*, 703 F.2d at 1239).  The court explained:

> The adoption of the Secretary's argument would also leave Plaintiff with no recourse whatsoever. He cannot seek further administrative review because he has exhausted all of his administrative remedies, and yet under the Secretary's argument he is foreclosed from judicial review because he *has not* exhausted his administrative remedies. Leaving Plaintiff "permanently in limbo" under these circumstances was rejected in *Bloodsworth*.

*Id.*

To varying degrees, the district court decisions within this circuit applying *Bloodsworth* appear to have incorporated and relied upon the *Macheski* interpretation of *Bloodsworth* in finding subject matter jurisdiction to review an ALJ's dismissal of a plaintiff's request for hearing. Like the plaintiff in *Macheski*, the plaintiff in *Pizarro v. Commissioner of Social Security*, No. 6:12-cv-801-Orl-37DAB, 2013 WL 847331 (M.D. Fla. March 7, 2013), requested a hearing before an ALJ, which was dismissed as untimely. *Id.* at *1. The plaintiff sought review of the ALJ's dismissal by the Appeals Council, which denied the request without a hearing. *Id.* Despite the lack of a hearing, the Middle District of Florida ruled that it held subject matter jurisdiction, explicitly adopting the *Macheski* application of *Bloodsworth* and noting that "*Bloodsworth* is applicable for the proposition that an Appeals Council decision not to review an ALJ decision finalizes that decision." *Id.* at *3 n.2.

Most importantly, in *Pittman v. Astrue*, No. 3:12-cv-51 (CDL), 2013 WL 55690 (M.D. Ga. Jan. 3, 2013), the Middle District of Georgia extended its application of *Bloodsworth* to cases in which an ALJ dismisses a request for hearing for the claimant's failure to appear at the hearing. *See Pittman v. Astrue*, No. 3:12-cv-51-CDL-MSH, 2012 WL 6765230, at *1 (M.D. Ga. Nov. 28, 2012) (report and recommendation), *adopted and incorporated by* 2013 WL 55690 (M.D. Ga. Jan. 3, 2013). In *Pittman*, the claimant requested an administrative hearing after her applications for benefits were partially denied. *Id.* The claimant received a Notice of Hearing,

which scheduled a video hearing for her case. *Id.* The claimant responded to the Notice, indicating that she would be present at the hearing; however, two days prior to the hearing, the claimant, through her counsel, demanded an in-person hearing. *Id.* The ALJ denied this request to reschedule and subsequently dismissed the claimant's action "after she and her counsel failed to appear at the hearing." *Id.* After the Appeals Council denied the claimant's request for review of the hearing decision, the claimant brought action in the district court. *Id.* at *2.

The defendant filed a motion to dismiss for lack of subject matter jurisdiction, arguing that because the claimant's hearing request was dismissed for her failure to appear, the claimant had not received a "final decision" as contemplated by § 405(g). *Id.* As in *Macheski*, the Middle District of Georgia declined to adopt the defendant's argument, construing "*Bloodsworth* to apply when an ALJ dismisses a claimant's request for a hearing." *Id.* The court adopted the reasoning proffered in *Macheski*, finding that the defendant's argument would leave the claimant with no recourse whatsoever and place the claimant permanently in limbo, a position explicitly rejected by *Bloodsworth*. *Id.* Accordingly, the court interpreted the *Bloodsworth* decision as a rejection of the defendant's arguments and denied the motion. *Pittman v. Astrue*, No. 3:12-cv-51 (CDL), 2013 WL 55690, at *1 (M.D. Ga. Jan. 3, 2013).

Applying the holdings of these cases to the facts at bar, the Court agrees with the Magistrate Judge that under *Bloodsworth*, § 405(g) appears to provide the Court with jurisdiction to review the underlying ALJ's dismissal of Plaintiff's request for hearing, despite the lack of a hearing solely and specifically on that request. The Court notes, however, that the facts of *Bloodsworth* are arguably distinguishable from those currently before the Court. While the claimant in *Bloodsworth* did have a hearing before an ALJ, Plaintiff in this case did not. Therefore, unlike *Bloodsworth*, the instant matter arguably does not involve a final decision

made after a hearing, as required by § 405(g).

Several of the district court rulings in this circuit applying *Bloodsworth* have addressed this issue, finding it "to be a distinction without legal consequences." *Counts v. Comm'r of Soc. Sec.*, No. 6:09-cv-2157-Orl-22KRS, 2010 WL 5174498 at *7 (M.D. Fla. Dec. 15, 2010); *see also Pizarro v. Comm'r of Soc. Sec.*, No. 6:12-cv-801-Orl-37DAB, 2013 WL 847331, at *3 n.2 (M.D. Fla. March 7, 2013) (agreeing that "'the existence of a hearing before an ALJ in *Bloodsworth* [is] a distinction without legal consequences'") (quoting *Counts*, 2010 WL 5174498, at *7). For example, in *Counts v. Commissioner of Social Security*, the Middle District of Florida recognized that Eleventh Circuit in *Bloodsworth* "reviewed the Appeals Council decision issued without a hearing, not the ALJ's decision issued after a hearing." *Counts*, 2010 WL 5174498, at *7. Despite the lack of a hearing, *Bloodsworth* ruled that the district court held jurisdiction to review the Appeals Council's decision.

In other words, the pertinent hearing at issue in *Bloodsworth* was not the hearing that occurred before the ALJ, but rather the hearing that *did not occur* in relation to the Appeals Council's decision. Similar to the claimants in both *Bloodsworth* and *Counts*, Plaintiff in the instant matter "seeks review of both the ALJ's decision dismissing [her] request for a hearing . . . and the Appeals Council denial of review of the ALJ's decision[,]" neither of which was issued after a hearing. *Id.* As the court stated in *Counts*, "[b]y denying review of the ALJ's decision to dismiss Plaintiffs [sic] request for a hearing, the Appeals Council finalized Defendant's decision to deny Plaintiff a hearing[,]" thereby exhausting Plaintiff's administrative remedies and rendering the matter ripe for judicial review. *Id.*

In short, based on the consensus of district court rulings within this circuit that have analyzed and applied *Bloodsworth*, this Court is inclined to agree with the Magistrate Judge's

recommendation.  As in *Bloodsworth*, *Macheski*, *Counts*, *Pizarro*, *Wright*, and *Pittman*, "'adoption of the [Commissioner's] argument would . . . leave Plaintiff with no recourse whatsoever.  [She] cannot seek further administrative review because [she] has exhausted all of [her] administrative remedies, and yet under the [Commissioner's] argument [she] is foreclosed from judicial review because [she] has not exhausted [her] administrative remedies.'"  *Pittman v. Astrue*, No. 3:12-cv-51 (CDL) (MSH), 2012 WL 6765230, at *2 (M.D. Ga. Nov. 28, 2012) (report and recommendation), *adopted and incorporated by* 2013 WL 55690 (M.D. Ga. Jan. 3, 2013) (quoting *Macheski v. Leavitt*, No. 4:06-cv-85 (CDL), 2007 WL 2710466, at *4 (M.D. Ga. Sept. 13, 2007)).  As such, to reach the conclusion urged by Defendant "would require the Court to adopt a position that the Eleventh Circuit says makes 'linguistic but not legal sense.'" *Macheski*, 2007 WL 2710466, at *4 (quoting *Bloodsworth*, 703 F.2d 1233, 1239 (11th Cir. 1983)).  The Court, thus, finds that Plaintiff has exhausted her administrative remedies regarding ALJ Messina's dismissal of her request for an administrative hearing, and Defendant's motion to dismiss must be denied.

      Additionally, however, the Court recognizes that in both the *Macheski* and the *Pittman* decisions, the Middle District of Georgia found that reasonable minds could differ on this issue, and that a contrary ruling by the Eleventh Circuit would be dispositive.  *Pittman*, 2013 WL 55690, at *1; *Macheski*, 2007 WL 2710466, at *4.  For these reasons, the Georgia court certified those rulings for immediate review to the Eleventh Circuit, to the extent the rulings were not appealable as a matter of right.  *Id.*  Those same considerations apply in this case.  In light of the contrary holdings reached by the majority of other circuits, as well as the potential distinction noted above between the facts of this case and those of *Bloodsworth*, reasonable minds could certainly differ on this narrow, dispositive issue of subject matter jurisdiction.  Pursuant to 28

U.S.C. § 1292(b), this Court is "of the opinion that [this] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Thus, to the extent that this ruling is not appealable to the Eleventh Circuit as a matter of right, the Court certifies it for immediate review.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Second Report and Recommendation (doc. 67) is adopted and incorporated by reference in this order.

2. Defendant's motion to dismiss (doc. 61) is DENIED. On or before Monday, December 22, 2014, Defendant shall file a response to the issue of whether the ALJ erred in dismissing Plaintiff's case for her failure to appear at the hearing.

3. This case is REMANDED to the Magistrate Judge for further proceedings.

**DONE AND ORDERED** this __2nd__ day of December, 2014

                                 *s/Maurice M. Paul*
                                 Maurice M. Paul, Senior District Judge